FILED
SUPERIOR COURT
OF GUAM

2013 MAY -3 AM 9: 3 |

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT**
**OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE No. CF 0380-12 |
| | ) |
| | ) |
| v. | ) |
| | ) **DECISION AND ORDER** |
| | ) On Defendant's |
| LASTWELL BISEK, | ) Motion to Reduce Felony Charges to |
| | ) Misdemeanors and |
| Defendant. | ) Motion for Deferred Plea |
| | ) |

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on January 29, 2013 on Defendant's Motion to Reduce Felony Charges to Misdemeanors. The People of Guam were represented by Assistant Attorney General Teri C. Breloski. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Motion to Reduce Felony Charges to a Misdemeanor and DENYING the Motion for Deferred Plea.

## FACTUAL HISTORY

The Defendant was indicted on two counts of felony *Aggravated Assault*, two counts of felony *Family Violence*, one count of felony *Child Abuse*, and a violation for *Public Drunkenness*. The indictment arises from an incident that occurred on June 22, 2012, involving the Defendant, his girlfriend Relisa Nakayama, their minor child W.J. N., and his girlfriend's father, Mr. Rainy Nakayama. On the day in question the Defendant allegedly arrived at his girlfriend's apartment highly intoxicated. Mr. Nakayama, while holding one year old W.J.N., offered to drive the Defendant to his home in Dededo. The Defendant is then alleged to have

gotten angry at his father in law's offer and swung a forty ounce glass beer bottle first at his child, and then a second time at Mr. Nakayama. Both the infant and Mr. Nakayama were transported to Guam Memorial Hospital to receive treatments for facial lacerations.

The Defendant has filed a motion asking the Court to reduce all felony charges to misdemeanors and to grant him a Deferred Plea Agreement. Both motions are made pursuant to the Family Violence Act. The People timely filed an opposition, arguing that the Court must deny both motions because the Family Violence Act only permits the reduction of *Family Violence* Charges, making the First Charge of *Aggravated Assault* and the Third Charge of *Child Abuse* ineligible for reduction. The People further argue that reducing the Second Charge of felony *Family Violence* to a misdemeanor is unreasonable given the nature of the alleged incident. For the following reasons, the Court agrees with the People.

## DISCUSSION

The Defendant has filed a motion pursuant to the Family Violence Act asking the Court to reduce all felony charges to misdemeanors pursuant to 9 G.C.A. §30.20. The Defendant has also motioned for a Family Violence Deferred Plea Agreement, which is not available to defendants charged with felony *Family Violence*. §30.80. The People argue that the First and Third charges of *Aggravated Assault* and *Child Abuse* cannot be legally reduced to misdemeanors pursuant to the Act, and that a reduction of the remaining Second charge for felony *Family Violence* is unwarranted given the facts of the case. Having reviewed the Family Violence Act, the Court agrees and denies both motions for the reasons discussed below.

### I.    *The First and Third Charges of the Indictment*

The Defendant has motioned to have all three felony charges reduced to misdemeanors pursuant to 9 G.C.A. §30.20 of the Family Violence Act. The relevant section of the statute

reads: "Upon a written, noticed motion prior to commencement of trial, the defendant may move that a felony charge filed pursuant to this § 30.20 be reduced to a misdemeanor. Whether any charge shall proceed as a misdemeanor or a felony rests within the discretion of the court." §30.20(b). The statutory language critical to the Defendant's motion is the requirement that the charge be "a felony charge filed pursuant to this § 30.20."

The Family Violence Act does not give the Court authority to reduce either the felony *Aggravated Assault* or the felony *Child Abuse* charges to misdemeanors. The *Aggravated Assault* charge was filed pursuant to 9 GCA §19.20(a)(3), (b). Similarly, the felony Child Abuse charge was filed pursuant to 9 GCA §31.30(a)(1), (b). Because neither charge was filed pursuant to the Family Violence Act the Court does not have the discretion to reduce the charges.

## II.    *The Second Charge of Felony* Family Violence

The Defendant has also moved the Court to reduce the Second charge of felony *Family Violence* to a misdemeanor. The Family Violence Act delineates the factual circumstances that the Court must evaluate in determining whether a felony charge should be reduced. The Act states that the Court shall consider: "(1) The extent or seriousness of the victim's injuries; (2) The defendant's history of violence against the same victim whether charged or uncharged; (3) The use of a gun or other weapon by the defendant; (4) The defendant's prior criminal history; (5) The victim's attitude and conduct regarding the incident; (6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and (7) The defendant's history of and amenability to counseling." 9 G.C.A. §30.80.2(c) (1994). The Act further clarifies that "Whether any charge shall proceed as a misdemeanor or a felony rests within the discretion of the court." §30.80.2(a).

The Defendant argues that the facts of his case warrant reducing the felony *Family Violence* charge to a misdemeanor. In his motion, the Defendant addresses each of the Family Violence Act factors that the Court must consider in evaluating whether or not to reduce the felony to a misdemeanor. The Defendant specifically argues that: (1) the victims' injuries do not constitute serious bodily injury, (2) he has no previous arrest record, (3) he did not use the bottle as a weapon, (4) the victims wants contact, (5) the involvement of alcohol demonstrates that the Defendant is in need of treatment, and (6) that he is amenable to counseling.

The Defendant's arguments are not supported by the evidence. First, as the People correctly point out, the Defendant is not charged with a crime requiring proof of serious bodily injury. The Defendant, charged with felony *Aggravated Assault,* is accused of recklessly causing or attempting to cause "bodily injury to another with a deadly weapon." to 9 GCA §19.20(a)(3). The Defendant then argues that he was not using the bottle as a deadly weapon, but that he "was holding a bottle and fell forward." Both victims, the Defendant's father in law and his infant son, suffered lacerations to their faces that required medical attention. The Court agrees with the People who argue that "it is difficult to construe an accidental situation where both victims suffered lacerations on their faces as a result of Defendant "falling forward" not once, but twice, with a forty ounce glass bottle in hand."

The Defendant disingenuously states that the victims want contact. Two victims were involved in the alleged crime – the father in law of the Defendant and the Defendant's infant son. While the attitude of the Defendant's girlfriend is clear to the Court, the wishes of the father in law and the infant son are not. A written statement from the father in law was provided in support of the motion. However, the written statement is in Chuukese, is neither an affidavit nor a statutory declaration and, most critically, was translated by the girlfriend of the Defendant.

Similarly, the Defendant argues that the fact that "the victim's mother wants contact with the Defendant" satisfies the statutory analysis regarding the infant's attitude towards the alleged attack because "the minor is unable to tell us how he feels and the mother certainly can express her attitude and conduct regarding the incident." The Court disagrees and will not consider the mother's wishes to be informative as to how the injured infant may or may not feel about the alleged attack.

The Defendant's motion incorrectly argues that the involvement of alcohol in the alleged incident should weigh in favor of reducing his felony to a misdemeanor. The Defendant explains that "The incident is related to defendant's alcohol use and alcohol treatment is warranted." While the Court agrees that the Defendant would benefit from alcohol treatment, this statement does not lend support to reducing the felony charge to a misdemeanor. As a point of clarification, the Court has previously held that it is the *absence* of alcohol or substance abuse in a Family Violence incident that lends weight to reducing the charges, not the converse.

The facts of the Defendant's case do not support reducing the *Family Violence* charge to a misdemeanor. The Court is statutorily required to consider the list of seven factors to determine the appropriateness of a *Family Violence* felony charge. *People of Guam v. Perez*, 199 Guam 2 ¶12. The two victims, one of whom was the Defendant's infant son, received lacerations to their faces as the result of being cut with a glass beer bottle. Whether intentional or not, the beer bottle was a weapon and the resulting injuries were not trivial. It is true that the Defendant has no prior criminal cases and it is unknown whether or not the Defendant has a prior history of violence with the same victims. It is known that alcohol was involved in the incident and that the Defendant was still highly intoxicated by the time the police arrived. The serious nature of the victims' injuries, the use of a potentially deadly weapon, the unclear nature of the father in law's

attitude towards the Defendant, the infant victim's inability to speak for himself, and the abuse of alcohol all warrant a felony charge of *Family Violence*.

### III. *The Motion for Deferred Plea*

The Defendant has also motioned the Court to grant him a Deferred Plea. The Defendant's motion is premised on his having the Second Charge of felony *Family Violence* reduced to a misdemeanor. Because the Court will not reduce the charge to a misdemeanor, the Defendant is statutorily ineligible for a Deferred Plea Agreement.

### CONCLUSION

Based on the foregoing, the Court cannot reduce the First and Third Charge of the indictment pursuant to the Family Violence Act. The Court further finds that there are insufficient grounds for reducing the Second Charge of felony *Family Violence* to a misdemeanor. Because the Defendant remains charged with felony Family Violence, he is statutorily ineligible to receive a Deferred Plea. Accordingly, the court DENIES the Defendant's Motion for Reduction of Charges and DENIES the Motion for Deferred Plea. Further Proceedings are set for ____MAY 0 8 2013____2013 at 9am.

SO ORDERED, this 3rd day of May, 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam





MAY 0 3 2013